## SECOND NATIONAL BANK OF PAINTSVILLE v. MEEK APPLIANCE CO.

Court of Appeals of Kentucky.
Nov. 30, 1951.

Rehearing Denied Jan. 25, 1952.

Fred Howes, Paintsville, for appellant.

Howard & Combs, Prestonsburg, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment for $2,855.95 given against the Bank because of its failure to stop payment on a check as directed by the drawer, the appellee. The Bank filed a general demurrer to the petition, but in its brief it claims that the appellee is estopped to make the claim against the Bank; that laches should bar the claim; and that a check operates pro tanto assignment of the funds in the Bank. For the purpose of disposing of the Bank's contentions, we shall treat these asserted defenses as if they were pleaded.

The petition sets forth the issuance of the check, the defective nature of the consignment for which it had been issued, the notice to the Bank to stop payment on the check, and the Bank's agreement not to pay it. The petition then proceeds to state that the Bank nevertheless paid the check in the usual course of its business, that the payee of the check went into bankruptcy and the drawer of it, the appellee here, recovered only $550 in a suit against the Payee. By amended petition it was stated that the Bank had been a garnishee in the proceedings against the payee, and therefore had notice of the appellee's efforts to collect from the payee, the amount actually collected and the costs of collection. The appellee's pleadings prayed for a judgment for the original amount of the check less $464.05, the net proceeds from

the recovery against the payee in bankruptcy, and obtained judgment for the amount prayed, $2,855.95.

■ There was nothing stated in the pleadings of the appellee which disclosed any basis for estoppel, and as a consequence the Bank's demurrer to the pleadings is not good. In the circumstances, the defense of estoppel, if any, should have been affirmatively pleaded. Lockhart v. Kentland Coal & Coke Co., 182 Ky. 673, 207 S.W. 18.

■ The defense of laches asserted in the Bank's brief is without merit. The appellee, maker of the check, promptly instituted its action against the payee of the check and made the Bank a garnishee. The appellee recovered as much as it could from the bankrupt payee, then sued the Bank for the balance after its refusal to voluntarily pay the difference. There was no delay, and hence no laches.

■ Stop-payment orders on checks are recognized by statute in Kentucky. KRS 287.405. The stop-payment order may be oral or in writing. Kentucky-Farmers Bank v. Staton, 314 Ky. 313, 235 S.W.2d 767; 9 C.J.S., Banks & Banking, § 344; 7 Am.Jur., Banks, Sec. 605; Sec. 128, Stanley Banking Law of Kentucky. The theory upon which the rule rests is the fact of the debtor-creditor relationship between the bank and its customer and that the former has no authority to pay its obligation to its depositor otherwise than as directed by him. The Bank's demurrer admitted the truth of the statements concerning the receipt and acquiescence of the Bank to the stop-payment order involved here. In total disregard of that order the Bank paid the check, and hence was properly adjudged liable for the net loss caused the drawer of the check.

While it is not essential to this opinion, we call to the Bank's attention that KRS 356.189 declares that "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank * * *." This is a reversal of the rule in Kentucky prior to the enactment of the Negotiable Instruments Law. Boswell v. Citizens Savings Bank, 123 Ky. 485, 96 S.W. 797. For full annotation on stop-payment orders on checks, see Brannan on Negotiable Instruments, Seventh Edition, 1948, pages 1316, 1317; Sec. 128, Stanley Banking Law of Kentucky.

Since judgment was given on the pleadings, the Bank's complaint concerning the admission of the deposition is without merit.

The judgment is affirmed.

COMBS, J., did not participate in the discussion or decision of this case.